UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| KENNETH W. STONE, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| v. | ) | No. 1:04-cv-259 |
| | ) | *Edgar* |
| JOHN WATKINS, Chattanooga Police Officer; STEVE PARKS, Chief of Police of Chattanooga; and the CITY OF CHATTANOOGA; | ) ) ) ) | |
| | ) | |
| *Defendants.* | ) | |

## MEMORANDUM AND ORDER

Plaintiff Kenneth W. Stone ("Stone") filed pro se this civil rights action against the Defendants pursuant to 42 U.S.C. § 1983. [Doc. No. 3]. Stone specifically contends that Officer Watkins used excessive force against him during an arrest and that Chief Parks knew of Watkins' history of using excessive force but failed to take any corrective action. [Doc. Nos. 3, 11]. Stone now moves for this Court to appoint counsel to represent him in this litigation. [Doc. No. 16]. In support of his motion, Stone avers that he is unable to afford counsel and is currently proceeding *in forma pauperis*; that the issues are complex, requiring significant research and investigation; and that the trial will involve conflicting testimony, necessitating an attorney to properly present evidence. [*Id.*].

Although there is no constitutional right to counsel in a civil case, *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir.2003); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993), this Court "may

-1-

request an attorney to represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1). Appointment of counsel is appropriate only in "exceptional circumstances." *Lanier*, 332 F.3d at 1006; *Lavado*, 992 F.2d at 606. In determining whether such circumstances exist, courts consider the "complexity of the factual and legal issues involved" and "the type of case and the abilities of the plaintiff to represent himself." *Lavado*, 992 F.2d at 606 (internal quotations omitted); *accord Lanier*, 332 F.3d at 1006.

Stone's case does not present the exceptional circumstances necessary for the appointment of counsel. This case is a relatively straightforward § 1983 action alleging excessive force during an arrest and municipal liability. The legal issues are not complex. In fact, as evidenced by his pretrial narrative [Doc. No. 11], Stone already understands that to hold Chief Parks and the City of Chattanooga liable for the actions of Officer Watkins, Stone must prove that Chief Parks and the municipality inadequately trained or supervised Watkins or tolerated an established history of federal rights' violations. *See Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (2005) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694, (1978)). Further, the law regarding an excessive force claim is not complicated and depends on the reasonableness of the officer's actions, which in turn hinges upon the facts of the case. *See Saucier v. Katz*, 533 U.S. 194, 209 (2001); *Graham v. Conner*, 490 U.S. 386, 396-97 (1989); *Dunigan v. Noble*, 390 F.3d 486, 493 (6th Cir. 2004); *Neague v. Cynkar*, 258 F.3d 504, 507 (6th Cir. 2001).

Indeed, the outcome of this case depends upon which version of the facts the Court ultimately accepts. Stone's version varies greatly from that of the Defendants. [*Compare* Doc. Nos. 3 and 11 *with* Doc. No. 9]. And based on Stone's pretrial narrative [Doc. No. 11], Stone already has a strong grasp of which facts are important and how he will present these facts to the Court at the

-2-

Case 1:04-cv-00259   Document 19   Filed 07/19/05   Page 2 of 3   PageID #: 31

bench trial. The Court finds that this case does not present complex factual or legal issues and, based on his previous filings, Stone appears capable to represent himself. In short, there are no exceptional circumstances entitling Stone to the appointment of counsel. Stone's motion [Doc. No. 16] is **DENIED**.

    SO ORDERED.

    ENTER this *19th day of July, 2005*.

                                */s/ R. Allan Edgar*
                                R. ALLAN EDGAR
                              CHIEF UNITED STATES DISTRICT JUDGE